IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | |
|---|---|
| In re the Marriage of: | ) 2 CA-CV 2012-0114 |
| | ) DEPARTMENT A |
| SCOTT KASSA, | ) |
| | ) O P I N I O N |
| Petitioner/Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| KAZUMI KASSA, | ) |
| | ) |
| Respondent/Appellee. | ) |
| | ) |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. D20040576

Honorable Peter J. Cahill, Judge

DISMISSED

---

Scott Kassa                                                                                           Vail
                                                                                      In Propria Persona

Kazumi Kassa                                                                                      Tucson
                                                                                      In Propria Persona

---

H O W A R D, Chief Judge.

¶1          Appellant Scott Kassa appeals from the trial court's grant of an extension of spousal maintenance payments to his former wife, Kazumi Kassa. Because we do not have jurisdiction, we dismiss this appeal.

## Factual and Procedural Background

¶2 The record reflects the following procedural background. Scott and Kazumi Kassa's marriage was dissolved in December 2006. In September 2011, Kazumi filed a petition requesting a finding of contempt for Scott's failure to pay a previous judgment, an increase and extension of spousal maintenance, a judgment on spousal maintenance arrearages, a modification of child support, and attorney fees. The trial court first denied her contempt request and granted her claim for arrearages. Then, in a separate ruling on May 22, 2012, the court granted her continuing spousal maintenance but denied her request to increase it. The court noted other issues were pending and set an additional hearing. Scott filed a notice of appeal on June 5 regarding the May 22 ruling. Both parties filed briefs on the merits.

## Jurisdiction

¶3 Neither Scott nor Kazumi cite any authority for our jurisdiction over this appeal, as required under Rule 13(a)(3), Ariz. R. Civ. App. P. However, we have an independent duty to determine whether we have jurisdiction. *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Our jurisdiction is prescribed by statute, and we have no authority to entertain an appeal over which we do not have jurisdiction. *See Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App. 1995). We have jurisdiction to review special orders made after judgment. A.R.S. §§ 12-120.21(A)(1); 12-2101(A)(4).

¶4 The Arizona Rules of Family Law Procedure require the trial court to resolve all issues raised in a post-decree petition before the filing of an appeal. When an "action" presents more than one claim for relief, any order of the court "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not

2

terminate the action . . . and the order or other form of decision is subject to revision at any time before the entry of judgment" unless the court directs entry of judgment "upon an express determination that there is no just reason for delay." Ariz. R. Fam. Law P. 78(B). An "action" under the rules "is commenced by filing a petition." Ariz. R. Fam. Law P. 23. A "petition" includes "the initial pleading . . . that commences a post-decree matter." Rule 3(B)(5), Ariz. R. Fam. Law P. A petition in a post-decree matter must "set[] forth with specificity all relief requested." Ariz. R. Fam. Law P. 91(A)(1).

¶5 Therefore under the Rules of Family Law Procedure, a post-decree petition begins an action that includes various claims for relief. Unless the court certifies a ruling on fewer than all of the claims raised in the post-decree petition using the language of Rule 78(B), that ruling does not terminate the action and is subject to subsequent modification. Because Rule 78(A) defines a judgment as "a decree and an order from which an appeal lies," a ruling that does not contain the required language does not qualify as a final, appealable "judgment" under the rules. *See Maria v. Najera*, 222 Ariz. 306, ¶¶ 6-7, 214 P.3d 394, 395 (App. 2009) (under Rule 54(b), Ariz. R. Civ. P., judgment not final for purpose of appeal until it disposes of all claims and all parties).[1] Further, a notice of appeal filed before entry of a final judgment is premature, ineffective, and a nullity. *See Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011); Ariz. R. Fam. Law P. 1 cmt.

---

[1]Rule 78(B) is substantially the same as Rule 54(b), and therefore we may apply interpretations of Rule 54(b) to Rule 78(B). *See* Ariz. R. Fam. Law P. 1 cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules."); Rule 78 cmt. (rule based on civil Rule 54).

¶6        Although the trial court resolved Kazumi's claims regarding contempt, arrearages, and spousal maintenance, it left unresolved her claims for modification of child support and attorney fees. In its April order, the court stated it had "insufficient information to grant [or] deny" the request for child support and deferred ruling on that claim. The court never addressed Kazumi's request for attorney fees. The court specifically set further hearings to resolve these issues. Thus, the court may ultimately modify these initial determinations in light of its final decision on the remaining two issues concerning child support and attorney fees. Because the court did not resolve all of the issues raised in the petition or use the required language to terminate the action as to fewer than all claims for relief, its order is not final and appealable as a special order after judgment. *See* Rule 78(B); *see also Fields v. Oates*, 230 Ariz. 411, ¶¶ 10-13, 286 P.3d 160, 163-64 (App. 2012) (judgment not final and appealable in the absence of Rule 54(b) certification); *In re Marriage of Dorman*, 198 Ariz. 298, ¶¶ 3-4, 9 P.3d 329, 331-32 (App. 2000) (special order appealable when it resolves "all the issues raised in the petition"). Thus Scott's notice of appeal was premature, ineffective, and a nullity. *See Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d at 626. Accordingly, we dismiss this appeal for lack of jurisdiction.

**Attorney Fees**

¶7        Kazumi requests her costs and attorney fees on appeal.[2] However, she does not cite any authority providing a basis for this request. Rule 21(c)(1), Ariz. R. Civ. App. P., requires that a request for attorney fees state "the statutory or contractual basis

---

[2]We note Kazumi is unrepresented on appeal.

4

for the award." *Roubos v. Miller*, 214 Ariz. 416, ¶ 21, 153 P.3d 1045, 1049 (2007). A "general request that [a party] be awarded attorneys' fees does not constitute a claim 'pursuant to statute, decisional law or contract[.]'" *Ezell v. Quon*, 224 Ariz. 532, ¶ 31, 233 P.3d 645, 652 (App. 2010), *quoting* Rule 21(c)(1). Because Kazumi's request does not cite any basis for an award of fees and costs, we deny it.

## Conclusion

**¶8**     For the foregoing reasons, we dismiss the appeal and deny Kazumi's request for attorney fees and costs.


                                        /s/ *Joseph W. Howard*
                                        _____
                                        JOSEPH W. HOWARD, Chief Judge


CONCURRING:


/s/ *Peter J. Eckerstrom*
_____
PETER J. ECKERSTROM, Presiding Judge


/s/ *Michael Miller*
_____
MICHAEL MILLER, Judge

5