IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

In re the Marriage of:

ARLENE NATALE, *Petitioner/Appellee*,

*v.*

PAUL NATALE, *Respondent/Appellant*.

No. 1 CA-CV 12-0765
FILED 4-16-2014

———————————————

Appeal from the Superior Court in Maricopa County
FN2010-090627
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

———————————————

COUNSEL

Bishop & Martin Law Office, P.C., Phoenix
By William D. Bishop, Kristen A. Martin
*Counsel for Petitioner/Appellee*

The Murray Law Offices, P.C., Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant*

_____

**OPINION**

Judge John C. Gemmill delivered the opinion of the Court, in which Presiding Judge Maurice Portley joined and Judge Kent E. Cattani specially concurred.

_____

**G E M M I L L,** Judge:

¶1        Paul Natale ("Husband") appeals the family court's rulings in favor of Arlene Natale ("Wife") on her petition for contempt and for enforcement of court orders and her application for attorneys' fees. In a separate memorandum decision issued contemporaneously with this opinion, we affirm the family court's rulings. In this opinion, we explain our denial of Wife's motion to dismiss a portion of Husband's appeal for lack of appellate jurisdiction.

**Background**

¶2        Husband and Wife were married in 1976. Wife filed for dissolution in March 2010. The family court entered a decree of dissolution of marriage in September 2011. Neither party appealed any ruling in the decree.

¶3        On January 4, 2012, Wife filed a petition for contempt and for enforcement of court orders. She asserted that Husband had not completed various steps necessary for the division of marital assets. Wife requested enforcement of several court orders and an award of attorneys' fees resulting from litigation regarding the petition. In a separate application filed on the same day, Wife also sought an award of attorneys' fees for post-trial proceedings from June through December 2011. After Husband responded in opposition, the family court set an evidentiary hearing on Wife's petition for contempt and enforcement and all unresolved issues for July 9, 2012.

¶4        After the July 9 hearing, the court issued three rulings pertinent to this appeal. First, in a signed minute entry filed August 9, 2012, the court resolved several issues regarding the division of the marital property and accounts. The court indicated, however, that it would resolve Wife's requests for attorneys' fees in separate rulings. Although the August 9, 2012 minute entry was signed "as a formal order"

of the court "pursuant to Rule 81," Arizona Rules of Family Law Procedure ("Family Rules"), the ruling did not include a certification of finality for appeal under Family Rule 78(B). Second, on August 24, 2012, the family court entered a judgment awarding Wife attorneys' fees for post-trial proceedings. Third, on September 17, 2012, the court entered a judgment awarding Wife additional attorneys' fees for the enforcement proceedings. These three rulings resolved all issues pending before the court arising from Wife's January 4, 2012 petition and application.

¶5        On September 24, 2012, Husband filed a notice of appeal, stating that he was appealing the rulings entered on August 9, August 24, and September 17, 2012. This notice of appeal comported with our ruling in *Ghadimi v. Saraya*, 230 Ariz. 621, 285 P.3d 969 (App. 2012), which held that a family court ruling is not final and appealable until all of the claims pending before the court have been resolved or a Family Rule 78(B) certification of finality is included.

**Wife's Motion to Dismiss a Portion of Husband's Appeal**

¶6        During the pendency of this appeal, another panel of this court issued its opinion in *Reeck v. Mendoza*, 232 Ariz. 299, 304 P.3d 1122 (App. 2013), addressing the finality of family court rulings and declining to follow *Ghadimi* and another similar case, *see In re Marriage of Kassa*, 231 Ariz. 592, 593, ¶ 4, 299 P.3d 1290, 1291 (App. 2013) (holding that, absent Family Rule 78(B) certification, an appeal is premature unless the court "resolve[d] all issues raised in a post-decree petition"). The *Reeck* court held that a ruling resolving the merits of a petition for child support is "inherently final" and appealable even if the issue of attorneys' fees remains unresolved and the ruling does not contain a certification of finality in accordance with Family Rule 78(B). *Reeck*, 232 Ariz. at 300-02, ¶¶ 1, 8-10, 304 P.3d at 1123-25.

¶7        Relying on *Reeck*, Wife filed a motion to dismiss that portion of Husband's appeal regarding the family court's ruling entered August 9, 2012, arguing that the ruling was final and appealable under *Reeck* and Husband's notice of appeal filed on September 24, 2012 was thus untimely. In civil and family law cases, a notice of appeal must be filed within 30 days after entry of the judgment or order being appealed. ARCAP 9(a). Because Husband's notice of appeal was filed more than 30

days after the ruling, Wife's motion is well taken if the August 9 ruling was final and appealable when entered.[1]  In response to Wife's motion, Husband contends that Wife waived her jurisdictional argument by not asserting it in her answering brief and that, under the applicable Family Rules and cases (including *Ghadimi* and *Kassa*), the August 9 ruling was not yet final and appealable until entry of the September 17, 2012 ruling. Wife filed a reply, and this court heard oral argument regarding this jurisdictional issue as well as the merits of the appeal.

**¶8**         We reject Husband's argument that Wife has waived the jurisdictional argument.   If this court lacks appellate jurisdiction, the appeal — or that portion lacking in jurisdiction — must be dismissed.  *See Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 8, 296 P.3d 1011, 1015 (App. 2013) ("Our jurisdiction is defined by statute, and we must dismiss an appeal over which we lack jurisdiction.").  Just as appellate jurisdiction cannot be created by agreement of the parties, *Ginn v. Superior Court*, 1 Ariz. App. 455, 457, 404 P.2d 721, 723 (1965), the absence of appellate jurisdiction cannot be waived, *see Slaughter v. First Nat'l Bank*, 34 Ariz. 26, 31-32, 267 P. 416, 418 (1928).

**¶9**         We deny Wife's motion to dismiss that portion of Husband's appeal arising from the August 9, 2012 order.  In so doing, we respectfully decline to follow *Reeck* and choose instead to follow *Ghadimi*, *Kassa*, the cases cited therein, and Family Rule 78(B).  In accordance with *Ghadimi*, *Kassa*, and Family Rule 78(B), a family court ruling that resolves some but not all of the issues pending before the court and does not have a Family Rule 78(B) certification of finality is not final and appealable.

**¶10**        The fact pattern presented in the instant case is analogous to *Ghadimi*, except with respect to the timing of the notice of appeal.  The family court in *Ghadimi* issued a signed decree of dissolution that resolved numerous issues but specifically reserved the issue of attorneys' fees for subsequent resolution.  *Ghadimi*, 230 Ariz. at 622, ¶ 3, 285 P.3d at 970.  The decree did not have Family Rule 78(B) language of finality.  The wife filed a notice of appeal before the attorneys' fees issue was resolved.  *Id.*  When the attorneys' fees had been determined and a final judgment entered, the

---

[1]  No issue is presented regarding the timeliness of the September 24, 2012 notice of appeal with respect to the August 24, 2012 judgment, because the 30th day after August 24 — September 23 — was a Sunday.  The notice of appeal was filed on Monday, September 24.

wife did not file a new or amended notice of appeal. *Id*. at ¶ 5. We determined that the wife's notice of appeal was premature and ineffective to convey appellate jurisdiction under the Arizona Supreme Court opinions of *Craig v. Craig*, 227 Ariz. 105, 253 P.3d 624 (2011); *Smith v. Arizona Citizens Clean Elections Commission*, 212 Ariz. 407, 132 P.3d 1187 (2006); and *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981). *Ghadimi*, 230 Ariz. at 623-24, ¶¶ 11-14, 285 P.3d at 971-72. Therefore, we dismissed the appeal for lack of jurisdiction. *Id*. at ¶ 15.

**¶11**        In its ruling of August 9, 2012, the family court here resolved several issues of property division between the parties but specifically reserved two requests by Wife for awards of attorneys' fees. Because the ruling did not have Family Rule 78(B) certification, it was not final and appealable until the attorneys' fees issues were resolved in a signed order or judgment. Family Rule 78(B) provides:

> **B. Judgment upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

In accordance with this rule, a judgment or order that resolves fewer than all the claims is not final and appealable in the absence of "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Such an order is "subject to revision at any time before the entry of judgment adjudicating all the claims and

the rights and liabilities of all the parties."[2]  Accordingly, the family court must "resolve all issues raised in a post-decree petition before the filing of an appeal," *Kassa*, 231 Ariz. at 593, ¶ 4, 299 P.3d at 1291, in the absence of a Family Rule 78(B) certification of finality for appeal.  *Id*. at ¶ 5.

**¶12**        Wife's petition for contempt and for enforcement of court orders and her application for post-trial attorneys' fees, both filed on January 4, 2012, presented claims for substantive relief and attorneys' fees. The August 9, 2012 order did not resolve all of these claims.  We disagree with Wife's position that Husband had to file his notice of appeal within 30 days of August 9.  In accordance with *Craig*, *Smith*, *Barassi*, *Ghadimi*, *Kassa*, *Baker*, *Fields v. Oates*, 230 Ariz. 411, 286 P.3d 160 (App. 2012), and *Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 270 P.3d 915 (App. 2012), the August 9 order was not final and appealable when entered.  The claims presented to the family court were resolved with finality by the judgments entered on August 24 and September 17, 2012, and the August 9 ruling became final and appealable on September 17, 2012.  Therefore, as a result of Husband's September 24, 2012 notice of appeal, we have jurisdiction under Arizona Revised Statutes (A.R.S.) section 12-2101(A) over Husband's appeal of the August 9 order as well the August 24 and September 17 judgments.

**¶13**        The fact that the August 9, 2012 minute entry was signed "as a formal order" of the court "pursuant to Rule 81" of the Family Rules may impact the enforceability of certain rulings and the future appealability of such rulings.  But by signing a ruling "as a formal order" "pursuant to Rule 81" of the Family Rules, the court has not thereby imparted immediate finality and appealability to such ruling.  To conclude otherwise would be contrary to the language and intent of Family Rule 78(B).

---

[2]  Family Rule 78(B) is virtually identical to Arizona Rule of Civil Procedure ("Civil Rule") 54(b), and therefore we may apply interpretations of Civil Rule 54(b) to Family Rule 78(B).  *Kassa*, 231 Ariz. at 593-94 n.1, ¶ 5, 299 P.3d at 1291-92 n.1 (quoting Family Rule 1 comment that  "[w]herever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules" and citing Family Rule 78 comment noting that this rule is "based on" Civil Rule 54).

¶14        Wife's reliance on *Reeck* is understandable but misplaced. The new concept of "inherent finality" for appeal purposes recognized in *Reeck* may be limited, even under *Reeck* itself, to dissolution decrees and child support orders.  This appeal involves neither.  More importantly, we believe *Reeck* is inconsistent not only with *Ghadimi* and *Kassa* but also with the broader jurisprudence of our supreme court and this court regarding the finality of orders or judgments for appeal purposes as well as the language of Family Rule 78.  Although we respect our colleagues who decided *Reeck*, we decline to follow the *Reeck* opinion for several reasons.

¶15        *Reeck's* concept of "inherently final" decisions is based primarily on the first sentence of A.R.S. § 25-325(A), which states:  "A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal."[3]  *Reeck* concluded that this statute declares that every decree of dissolution is final *and appealable* upon entry and the expiration of the time for the filing any time-extending motions, even in the absence of a certification under Family Rule 78(B).  232 Ariz. at 301, ¶ 5, 304 P.3d at 1124.  We respectfully disagree.  The qualifying words in the statute, "subject to the right of appeal," mean that the Arizona statutes and rules pertaining to the right to appeal are applicable, including the requirement of a final judgment that resolves all issues of all parties, except when certified as final under Family Rule 78(B) when one or more claims raised by the petition is yet to be resolved.

¶16        The reference to "final when entered" in § 25-325(A) is intended to remove a one-year prohibition upon remarriage imposed by the predecessor statute.  As explained by this court in *Matter of Brother's Estate*, 134 Ariz. 536, 658 P.2d 189 (App. 1982), in resolving an assertion that the statute precluded an appeal from a dissolution decree:

> He contends that jurisdiction to vacate a dissolution decree is foreclosed by A.R.S. § 25–325(A):
>
>> "A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal.  An appeal from the decree of dissolution that does not challenge the finding

---

[3]  As noted in *Reeck*, § 25-325 was not cited or argued to this court in *Ghadimi* and was not considered.  *Reeck*, 232 Ariz. at 302, ¶ 9, 304 P.3d at 1125.

> that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, and either of the parties may remarry pending appeal."
>
> We do not read this provision to deprive the court of jurisdiction over the portion of the decree that dissolves the marriage relationship. *The obvious purpose of this statute is to remove the one-year prohibition upon remarriage imposed by its predecessor, former A.R.S. § 25–320, and allow the parties to marry during the pendency of an appeal.*

134 Ariz. at 537, 658 P.2d at 190 (emphasis added). When the first sentence of § 25-325(A) is considered in context with the entire subsection, we believe the statute is assigning finality to the dissolution decree for purposes of allowing most parties to move forward with their lives, knowing they are divorced. The first sentence of § 25-325(A) does not change what is or is not "final" *for appeal purposes*, because the decree remains "subject to the right of appeal." In short, the first sentence of A.R.S. § 25-325(A) addresses enforceability, not appealability.

¶17 Several cases from other jurisdictions support our interpretation of A.R.S. § 25-325(A). The statute was adopted in Arizona in 1973 from the Uniform Marriage and Divorce Act ("UMDA"). The same subsection, including the same or similar language in the first sentence, has been enacted in states that also have procedural rules similar to Family Rule 78(B) or Civil Rule 54(b). Appellate courts in several states have addressed the issue of whether the language of the first sentence — "final when entered, subject to the right of appeal" — makes a decree immediately appealable even though it does not resolve all claims and has not been certified as final and appealable under a rule equivalent to Family Rule 78(B). In *Estate of Burford v. Burford*, 935 P.2d 943 (Colo. 1997), the Colorado Supreme Court explained its interpretation of Colorado Revised Statute section 14-10-120(1), which is essentially identical to A.R.S. § 25-325(A):

> In summary, we hold that section 14-10-120(1) provides that when a dissolution decree is entered by the district court, it is a *final order concerning the marital status of parties even though the decree is not treated as final for the purposes of*

*appellate review.* We hold that a decree of dissolution granted in accordance with section 14-10-120 may be immediately appealed when one party challenges the findings of the district court that the marriage is irretrievably broken or contests the jurisdiction of the court, *and the district court acting pursuant to its discretionary authority certifies the decree as a final order for purposes of appeal under C.R.C.P. 54(b).*

935 P.2d at 955 (emphasis added).

¶18 Additionally, the Illinois Supreme Court in *Marriage of Lentz*, 403 N.E.2d 1036 (Ill. 1980), considered the meaning of the words "final when entered, subject to the right of appeal" in light of the distinction between legislative authority and judicial rule-making authority. The court addressed section 314(a) of the UMDA,[4] from which Arizona derived § 25-325(A), and section 413(a) of the Illinois Marriage and Dissolution of Marriage Act, which is substantially similar to § 25-325(A):

> Thus, it was *not the purpose of the language* of section 314(a) of the [UMDA] *to make the judgments concerning marital status final and immediately appealable.* Rather, the purpose of such language is to ensure that the parties not be subject to an interlocutory period between the determination of the grounds for divorce and the effective date of the decree. Inasmuch as section 413(a) of our act substantially adopts section 314(a) of the uniform act, the commissioner's note *supports an interpretation that the Illinois legislature, by enacting section 413(a), was not attempting to define the appealability of the order.* Consistent with this interpretation, the language, "subject to the right of appeal," should be construed to mean

---

[4] Section 314(a) of the UMDA provides:

> A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, and either of the parties may remarry pending appeal.

that an appeal may be taken from such a judgment if the order is indeed appealable as a matter of right or by virtue of a supreme court rule. Such a construction would be consistent with the constitutional provisions placing in this court the authority to adopt rules governing appeals.

403 N.E.2d at 1038 (emphasis added). The Montana Supreme Court similarly concluded in *State ex rel. Marlenee v. Dist. Court of Fifteenth Judicial Dist., In & For Daniels Cnty.*, 592 P.2d 153 (Mont. 1979), as follows:

Here there was no express determination by the District Court that there is no just reason for delay in judgment on the claim for dissolution of the marriage nor is there an express direction for entry of judgment thereon. *Without these prerequisites, relator wife cannot appeal from the order dissolving the marriage at this time nor at any time prior to entry of judgment or decree on all issues before the District Court. . . .*

Respondent husband directs our attention to section 48-328, R.C.M.1947, now section 40-4-108 MCA [analogous to Arizona's § 25-325(A)], providing that a decree of dissolution of marriage is *final when entered, subject to the right of appeal* and Rule 1, M.R.App.Civ.P. providing for any appeal from a final judgment. *Neither of these sections grant the right of immediate appeal from a partial judgment. Instead the right of immediate appeal from a judgment on a part but not all of the claims for relief in a single action is governed by Rule 54(b)*, M.R.Civ.P. . . .

592 P.2d at 155 (citation omitted, emphasis added).

¶19 The court in *Reeck* was concerned that the *Ghadimi* opinion did not recognize the "stark differences" between family law cases and civil cases. *Reeck*, 232 Ariz. at 301-02, ¶¶ 5-9, 304 P.3d at 1124-25. There certainly are differences between civil cases and family law cases. And these differences may justify consideration of amendments to the statutes defining our appellate jurisdiction or to the procedural rules pertaining to finality and appealability of judgments and orders. We are not persuaded that the differences discussed in *Reeck* are determinative of the jurisdictional issues faced in such cases as *Ghadimi*, *Reeck*, and this appeal.

In our view, *Reeck*'s concept of "inherent finality" is not justified in light of existing statutes and rules.[5]  Additionally, we note that *Craig* was a family law case, and the Arizona Supreme Court in *Craig* cited and relied upon cases arising under the Civil Rules and made no suggestion that issues of appellate jurisdiction might be different under the Family Rules.

### Conclusion

**¶20**          For these reasons, we decline to follow or apply the *Reeck* case as requested by Wife.  Consistent with *Ghadimi*, *Kassa*, and Family Rule 78(B), we deny Wife's motion to dismiss a portion of Husband's appeal.  And for the reasons set forth in the memorandum decision filed contemporaneously with this opinion, we affirm the family court's rulings.


**C A T T A N I**, J., specially concurring:

**¶21**          I concur in the decision of the court that Husband timely appealed from the family court's three rulings.  I write separately to express my view that, until the Arizona Supreme Court resolves the conflict between the *Ghadimi* and *Reeck* decisions, an appellant who has complied with either of those rulings should be deemed to have satisfied the timeliness requirement for establishing jurisdiction in this court.



Ruth A. Willingham · **Clerk of the Court**
F I L E D :  MJT

---

[5]  The Arizona Supreme Court has granted review in *Bollermann v. Nowlis*, CV-13-0279-PR, and may resolve the appealability and jurisdictional issues  addressed in *Ghadimi*, *Kassa*, and *Reeck*.