NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

NEIL LACOUR, *Petitioner/Appellant,*

*v.*

CHRISTINE ANN LACOUR, *Respondent/Appellee.*

No. 1 CA-CV 22-0416 FC
FILED 3-16-2023

Appeal from the Superior Court in Yavapai County
No. P1300DO202000248
The Honorable Michael P. McGill, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Plaintiff/Appellant*

―――――――――――――――

## MEMORANDUM DECISION

Vice Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Maurice Portley[1] joined.

―――――――――――――――

**G A S S**, Vice Chief Judge:

**¶1**         Father appeals the superior court's award of attorney fees to mother and its calculation of retroactive child support mother owed him. We affirm in part, vacate the child support award in part, and remand for the superior court to calculate mother's child support obligations to include both daughter and son for the three months from the time father filed the petition for dissolution to the time daughter turned 18.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         This court views the evidence, and reasonable inferences drawn from it, in the light most favorable to sustaining the superior court's decision. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).

**¶3**         Father and mother married in October 1993. The two had a daughter and a son. Mother homeschooled the children until about 2014, when they started attending a school affiliated with the church where father served as pastor. In March 2020, father forced mother to move out of the home and away from the children. One month later, father filed for dissolution.

**¶4**         Daughter's age and high school attendance impact mother's child support obligation. When father filed this case, daughter was three months away from turning 18. Daughter turned 19 in July 2021 and graduated from high school in January 2022. Father asked the superior court to award child support for daughter until she turned 19 because she was still in high school, saying mother's homeschooling caused daughter's late graduation. Father, however, did not produce a school tuition statement and did not give mother information about daughter's education.

―――――――――――――――

[1]      The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to article VI, section 3, of the Arizona Constitution.

**¶5** The superior court denied father's request, finding it inappropriate to include daughter because "[f]ather intentionally delayed daughter's graduation solely because this matter was pending." But the superior court also failed to award child support for daughter for the time before she turned 18. Considering only child support for son, the superior court awarded father monthly child support of $250, which represented a downward deviation from the guideline support amount of $492. The superior court also awarded retroactive child support of $5,750, which appears to reflect retroactive child support of $250 per month for 23 months.

**¶6** The timing of the superior court's final orders affects whether it had jurisdiction to award mother attorney fees. On April 11, 2022, the superior court issued a signed dissolution decree. In that decree, the superior court: (1) awarded mother attorney fees under A.R.S. §§ 25-324.A and 25-403.08; (2) ordered mother file an affidavit of attorney fees and costs within 20 days; and (3) said it would not issue Rule 78(c) language until it finalized mother's attorney fee award. On April 26, 2022, mother timely filed that affidavit. And on June 3, the superior court entered a judgment containing Rule 78(c) language for attorney fees and costs (the June 3 order).

**¶7** In the meantime, the superior court issued two orders requiring father pay mother an equalization payment. The superior court issued both before it resolved mother's attorney fee award. Because of a temporary case reassignment, two judges entered nearly identical orders for a stipulated equalization payment. The orders differed only because the May 3 order contained Rule 78(c) language and the other order did not. Father filed a notice of appeal on May 31. Three days later, the superior court issued the June 3 order awarding mother her attorney fees and included Rule 78(c) language. With the June 3 order, no other matters remained pending before the superior court.

**¶8** Father, then, timely filed an amended notice of appeal from the June 3 order. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, and -2101.A.1.

## ANALYSIS

**¶9** To begin, we consider whether mother's failure to file an answering brief on appeal was an implied confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994). This court may treat a party's failure to file a brief as an implied confession of error, but this court is "reluctant to reverse based on an implied confession of error" when the superior court applied the law correctly. *Id.* Under the circumstances here,

we exercise our discretion and determine mother's failure to file an answering brief was not an implied confession of error.

## I.   The superior court had jurisdiction to award mother her attorney fees.

**¶10**         Father argues the superior court lost jurisdiction to award mother her attorney fees when mother did not file a Rule 83 motion after the superior court entered the decree and the May 3 order. A party must file a Rule 83 motion within 25 days to alter or amend a Rule 78(b) or (c) final judgment. Ariz. R. Fam. Law P. 83(c)(1).

**¶11**         Because the decree lacked Rule 78(c) language and did not resolve the substantive issue of attorney fees, it was not final and appealable. Father relies on A.R.S. § 25-325.A and *Reeck v. Mendoza*, 232 Ariz. 299 (App. 2013) to argue the decree was a final judgment. Under A.R.S. § 25-325.A, "[a] decree of dissolution of marriage . . . is final when entered, subject to the right of appeal." But "the first sentence of A.R.S. § 25-325(A) addresses enforceability, not appealability." *Natale v. Natale*, 234 Ariz. 507, 511, ¶ 16 (App. 2014) (responding to *Reeck*). A superior court ruling without Rule 78(c) language and with unresolved pending substantive issues is not final and appealable. *See id.* at 509, ¶ 9.

**¶12**         Father next argues the May 3 order was a final judgment because it contained Rule 78(c) language. But attorney fees remained open. The Rule 78(c) language, thus, was improper and a legal nullity. *See* Ariz. R. Fam. Law P. 78(c) (requiring no remaining pending matters). The May 3 order, thus, was also not final or appealable. *See Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 6 (App. 2014) (holding a judgment containing Arizona Rule of Civil Procedure 54(c)—the civil analog to Rule 78(c)—is not final when pending matters remain).

**¶13**         Father also argues the superior court erred in awarding mother attorney fees after he filed his initial notice of appeal on May 31, 2022. A premature notice of appeal does not divest the superior court of jurisdiction. *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 232, ¶ 11 (App. 2012). A notice of appeal is premature when there is an unresolved pending issue requiring a discretionary judicial determination, such as

> substantive motions or issues awaiting determination [when] the premature notice of appeal is filed. If so, the ruling of the [superior] court could change and the [superior court's] remaining task . . . would not be merely ministerial and . . .

the premature notice of appeal would be "ineffective" and a "nullity."

*Baker v. Bradley*, 231 Ariz. 475, 480, ¶ 18 (App. 2013) (citation omitted). Attorney fee issues are substantive, not ministerial. *See Fields v. Oates*, 230 Ariz. 411, 415, ¶ 13 (App. 2012).

**¶14** Here, father's May 31 notice of appeal was premature because the superior court had not resolved the substantive attorney fee issue. *See id.* On June 3, the superior court entered a final judgment resolving all issues requiring judicial determination, including attorney fees. Father's premature May 31 notice of appeal before the superior court's final judgment did not divest the superior court of jurisdiction to award mother attorney fees, though father preserved his appeal when he later filed his amended notice.

**¶15** Because neither the decree nor the May 3 order was final, mother did not need to file a Rule 83 motion to preserve the superior court's jurisdiction to award attorney fees. We, thus, need not address father's argument he did not waive his right to challenge mother's failure to file a Rule 83 motion.

## II. The child support order must include daughter for the three months before she turned 18, but not after.

**¶16** Father argues the superior court erred by not including daughter when it calculated child support. Father contends he should receive child support for daughter until she graduated high school at 19-years-old. *See* A.R.S. § 25-320.F (2014). Further, father asserts there was no evidence from which the court could have inferred daughter should have graduated earlier than January 2022.

**¶17** A parent has the duty to provide reasonable support for a natural child until the child reaches the age of majority. A.R.S. § 25-501.A. If a child reaches the age of majority while attending high school, a parent must keep supporting the child until the child turns 19. A.R.S. § 25-501.F (2014). But the parent receiving child support must provide the paying parent with the child's attendance records. *Id.* And the superior court must determine whether a child is "actually attending" high school on a case-by-case basis. *State ex rel. Ariz. Dep't of Econ. Sec. v. Lee*, 217 Ariz. 427, 430, ¶ 14 (App. 2008). In making its determination, the superior court must weigh three factors: "(1) whether the child is regularly present in class; (2) the reasons for any absences; and (3) whether the child is taking affirmative steps in pursuit of an education." *Id.*

**¶18**        This court reviews *de novo* the superior court's conclusions of law about child support. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017). This court reviews factual findings for an abuse of discretion and reverses only when clearly erroneous. *In re Marriage of Gibbs*, 227 Ariz. 403, 406, ¶ 6 (App. 2011). A finding is clearly erroneous only if, after considering the evidence, this court has a "definite and firm conviction" the superior court erred. *State v. Burr*, 126 Ariz. 338, 339 (1980). This court does "not reweigh the evidence but defer[s] to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶19**        As to whether mother had a duty to support daughter after she turned 18, father produced no evidence to show daughter was regularly attending class, explain any absences, or show her affirmative effort to complete her education. *See Lee*, 217 Ariz. at 431, ¶ 19–20. The superior court also considered father's failure to provide evidence of school tuition and weighed conflicting testimony about whether father provided mother with information about daughter's alleged ongoing education. The superior court declined to award father child support after daughter turned 18, saying such an award was inappropriate. Because the record supports the superior court's findings, the superior court did not err by not awarding father child support for daughter after she turned 18.

**¶20**        Mother, however, had an obligation to support daughter until she turned 18. *See* A.R.S. § 25-501.A. The superior court should have awarded father child support until then. *See id.* This court, thus, vacates the child support order in part and remands to the superior court to include daughter in the calculations for the three months between father's filing the petition for dissolution and her turning 18.

**III.    The superior court did not err in how it determined the parenting time adjustment when it calculated mother's child support obligations.**

**¶21**        Father argues the superior court's child support award did not address mother's lack of parenting time from March 2020 through April 2022. On March 2, 2020, father forced mother from the home and away from the children. From that time, mother did not see the children again until April 2022. As a result, father caused mother's lack of parenting time. The superior court, thus, acted within its discretion to reduce father's child support based on father's interference with mother's parenting time. On this record, father has shown no abuse of discretion.

**CONCLUSION**

**¶22**      We affirm the superior court's attorney fee award. We vacate father's award of child support and remand to the superior court to reconsider the child support award consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA