IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MIGUEL ANTHONY HERNANDEZ, *Petitioner/Appellant*,

*v.*

LINDSEY MARIE ATHEY, *Respondent/Appellee*.

No. 1 CA-CV 22-0660 FC
FILED 12-21-2023

Appeal from the Superior Court in Maricopa County
No. FC2011-002285
The Honorable Glenn A. Allen, Judge

**DISMISSED**

COUNSEL

Cantor Law Group PLLC, Phoenix
By Nicholas Boca, Amanda Szpakowski
*Counsel for Petitioner/Appellant*

Schmillen Law Firm PLLC, Scottsdale
By James R. Schmillen, Erica Leavitt
*Counsel for Respondent/Appellee*

---

**OPINION**

Presiding Judge James B. Morse Jr. delivered the opinion of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1        This appeal stems from a September 2022 superior court order modifying parenting time and decision-making authority.[1]  In its order resolving those issues, the superior court also determined that Mother was entitled to attorney fees incurred for a portion of the litigation and ordered Mother to submit a fee application.[2]  Pursuant to Arizona Rule of Family Law Procedure ("ARFLP" or "Rule") 78(b), the court certified the entire September 2022 order, including Mother's entitlement to attorney fees ("entitlement decision"), as a "final judgment" for which there was "no just reason for delay." *See* ARFLP 78(b).  Father appealed from the September 2022 order and raises arguments about the entitlement decision.  Because an award of attorney fees is a single claim, the superior court improperly certified the entitlement decision as a separate appealable order.

**DISCUSSION**

¶2        Appellate jurisdiction is defined and limited by statute. *Moreno v. Beltran*, 250 Ariz. 379, 381, ¶ 4 (App. 2020).  If we lack appellate jurisdiction, an appeal cannot proceed. *Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 205, ¶ 8 (App. 2020).

¶3        We have an independent duty to examine whether jurisdiction exists over matters on appeal. *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012).  "[W]ith certain exceptions, jurisdiction of appeals is limited to final judgments which dispose of all claims and all parties.  Public

---

[1]        We have addressed Father's other arguments in a separate unpublished memorandum decision issued simultaneously with this opinion. *See Hernandez v. Athey*, 1 CA-CV 22-0660 FC (Ariz. App. Dec. 21, 2023) (mem. decision); Ariz. R. Sup. Ct. 111(b), (h).

[2]        The record on appeal does not include any judgment as to all claims, issues, and parties.

policy is against deciding cases piecemeal." *Musa v. Adrian*, 130 Ariz. 311, 312 (1981).

¶4            One such exception is Rule 78(b), which provides for an appealable judgment before "all of the claims pending before the court have been resolved," *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 5 (App. 2014), if "the court expressly determines there is no just reason for delay and recites that the judgment is entered under" ARFLP 78(b).

¶5            But Rule 78(b) certification is improper for an unresolved or partially resolved claim. *See In re Marriage of Chapman*, 251 Ariz. 40, 43, ¶ 10 (App. 2021) ("[T]he inclusion of Rule 78 language alone does not make a judgment final and appealable; 'the certification also must be substantively warranted.'" (quoting *Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 202, ¶ 12 (App. 2012))); *see also Gold v. Helvetica Servicing, Inc.*, 229 Ariz. 328, 333, ¶ 28 (App. 2012) ("A trial court's [Ariz. R. Civ. P.] 54(b) determination will not render an unadjudicated claim appealable.").[3]  "[A] claim is separable from others remaining to be adjudicated when the nature of the claim already determined is 'such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals.'" *Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191 (1981) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

¶6            In several memorandum decisions, our Court has found we lack appellate jurisdiction over an award of attorney fees alone despite a Rule 78(b) certification of the entitlement decision. *See Milham v. Milham*, 1 CA-CV 21-0581 FC, 2022 WL 1801049, at *1, ¶ 6 (Ariz. App. June 2, 2022) (mem. decision) ("Husband's notice of appeal is premature and a nullity because he filed it before the superior court entered its order resolving the attorneys' fees award."); *Moore v. Moore*, 1 CA-CV 18-0786 FC, 2019 WL 4667528, at *3, ¶ 14 (Ariz. App. Sept. 24, 2019) (mem. decision) (finding appellant filed his appeal after judgment on the petition but before judgment on the attorney fees and the court was without jurisdiction over the fees issue); *Woehler v. Stough*, 1 CA-CV 17-0264 FC, 2018 WL 1417457, at *3, ¶ 11 (Ariz. App. Mar. 22, 2018) (mem. decision) ("Husband's notice of appeal relating to Wife's attorneys' fees was premature."); *McManus v. Hagen*, 2 CA-CV 2016-0166, 2017 WL 912041, at *2, ¶ 6 (Ariz. App. Mar. 8, 2017) (mem. decision) ("McManus did not file another amended notice after the entry of final judgment.  Accordingly, McManus's premature notice of appeal was a nullity over which we lack jurisdiction."); *Grubb v. Thrailkill*, 1

---

[3]        *See Natale*, 234 Ariz. at 510, ¶ 11 n.2 (noting that cases interpreting Ariz. R. Civ. P. 54(b) also apply to Rule 78(b)).

CA-CV 15-0761 FC, 2016 WL 4894914, at *3, ¶ 10 (Ariz. App. Sept. 15, 2016) (mem. decision) (finding the court lacked jurisdiction to consider the attorney-fees issue after the appealed order resolved only the entitlement to attorney fees). Those cases correctly determined that we lacked appellate jurisdiction but failed to address the Rule 78(b) certification's validity.

¶7            As with Ariz. R. Civ. P. 54(b), Rule 78(b) allows "an accommodation between the policy against piecemeal appeals and the problems that have arisen under the liberalized joinder of claims" in one suit. *Cont'l Cas.*, 130 Ariz. at 191 (cleaned up) (quoting *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 44 (1961)). Although Rule 78(b) allows the court to certify fully resolved claims for appeal when *other* claims remain unresolved, Rule 78(b) does not permit appeal of an unresolved claim. Pursuant to Rule 78(b), a claim for attorney fees is "considered a separate claim from the related judgment regarding the merits of the action." ARFLP 78(b). Finding a party is entitled to attorney fees, without awarding a specific amount, does not allow certification under Rule 78(b) because the claim is not fully resolved.

¶8            The entitlement decision can precede the fees award, but they remain two components of a single "claim" for attorney fees. *See* ARFLP 78(e)(2)–(3) (describing a "claim" for fees and requiring supporting fee affidavits and a judgment with a fee determination). Until the court makes the entitlement decision <u>and</u> awards an amount, the court cannot certify any portion of the attorney-fees claim under Rule 78(b). *See Ghadimi*, 230 Ariz. at 623–24, ¶ 13 (determining the attorney-fees award is a discretionary decision and not a ministerial act that might excuse a premature notice of appeal).

¶9            By certifying the attorney-fees claim under Rule 78(b), the judgement here improperly bifurcated the entitlement decision from a later determination of the fees award. Parties may appeal an award of attorney fees only when the entire claim has been resolved. Thus, even though the court certified the entitlement decision under Rule 78(b), we lack jurisdiction to consider that issue. *See In re Marriage of Chapman*, 251 Ariz. at 43, ¶ 13 (dismissing appeal for lack of jurisdiction despite Rule 78(b) certification).

## CONCLUSION

¶10      We dismiss Father's appeal of the portion of the court's order finding Mother was entitled to an attorney-fees award.



AMY M. WOOD • Clerk of the Court
FILED:   AA