IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MANUEL MORENO, *Petitioner/Appellant*,

*v.*

MINERVA BELTRAN, *Respondent/Appellee*.

No. 1 CA-CV 20-0125 FC
FILED 12-15-2020

Appeal from the Superior Court in Maricopa County
No.  FC2019-010947
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Bishop Law Office PC, Phoenix
By Daniel P. Beeks
*Counsel for Petitioner/Appellant*

Adam C. Rieth PLLC, Mesa
By Adam C. Rieth
*Counsel for Respondent/Appellee*

---

**OPINION**

Presiding Judge James B. Morse Jr. delivered the opinion of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1          Manuel Moreno filed a notice of appeal from an order that dismissed an order of protection but did not resolve a request for attorney's fees.    Consistent with Arizona Rule of Protective Order Procedure ("ARPOP") 42, we hold that a ruling on an order of protection is appealable without regard to Arizona Rule of Civil Procedure ("ARCP") 54(b) or (c) or Arizona Rule of Family Law Procedure ("ARFLP") 78(b) or (c). Nevertheless, we dismiss the appeal because the sole issue Moreno addresses on appeal remained pending when he filed the notice of appeal.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Moreno petitioned for an order of protection against Minerva Beltran because Moreno believed Beltran would harm a dog that lived in the same house as they did.  The superior court granted an ex parte order of protection that prohibited Beltran from contacting the dog.  *See* A.R.S. §§ 13-3602(A) (providing that an order of protection may be filed "for the purpose of restraining a person from committing an act included in domestic violence"); -3601(A) (defining "domestic violence" to include violations of § 13-1202 (threatening or intimidating) and § 13-2910 (cruelty to animals)).  After a hearing, the court entered a signed order dismissing the order of protection.  In a corresponding minute entry, the court directed Beltran to "lodge a *China Doll* Affidavit" and a proposed form of order awarding attorney's fees and costs.  Moreno filed a notice of appeal. Beltran then applied for attorney's fees.  The superior court later awarded Beltran $1,365 in attorney's fees.  Moreno did not file another notice of appeal or amend or supplement his original notice of appeal.

### DISCUSSION

¶3          Beltran asserts the notice of appeal is premature and a nullity because the dismissal order did not resolve the attorney's fees issue and did not contain a determination of finality for appeal under ARFLP 78(b). *See Natale v. Natale,* 234 Ariz. 507, 510, ¶ 11 (App. 2014) (holding that without

ARFLP 78(b) language, an order that does not resolve all pending claims is not final or appealable).

¶4 Appellate jurisdiction "is defined, and limited, by the Legislature." *Brumett v. MGA Home Healthcare, L.L.C., et al.*, 240 Ariz. 421, 426, ¶ 4 (App. 2016). As relevant here, A.R.S. § 12-2101 lists the types of orders that are within this court's appellate jurisdiction. Most broadly, § 12-2101(A)(1) grants this court jurisdiction over an appeal "[f]rom a final judgment entered in an action . . . commenced in a superior court." *See Brumett*, 240 Ariz. at 428, ¶ 8. Here, the order dismissing the order of protection was not final because the superior court had not yet made a final ruling on attorney's fees and, therefore, did not dispose of all issues in the matter. Generally, a party in a civil or family-court matter may appeal from an order that resolves less than all parties' claims only if the superior court makes a determination of finality under ARCP 54(b) or ARFLP 78(b).

¶5 Beyond "final" judgments, however, A.R.S. § 12-2101 allows appeals from several other categories of orders. A.R.S. § 12-2101(A)(2)-(11); *Brumett*, 240 Ariz. at 427, ¶ 9 ("By statute, however, the Legislature has authorized appeals from various types of rulings that fall short of being a 'final judgment.'"). Among these are orders "[g]ranting or dissolving an injunction, or refusing to grant or dissolve an injunction[.]" A.R.S. § 12-2101(A)(5)(b). Thus, orders granting or denying injunctions against harassment are appealable. *Wood v. Abril*, 244 Ariz. 436, 437-38, ¶ 5 (App. 2018). We must decide whether an order granting or denying an order of protection likewise is appealable under § 12-2101(A)(5)(b).

¶6 The rules define a "protective order" to include both orders of protection and injunctions against harassment. ARPOP 3(g). And there is little substantive difference between an order of protection and an injunction against harassment. *Compare* ARPOP 4(a) (order of protection "may be granted to prevent a person from engaging in acts of domestic violence"), *with* ARPOP 4(c) (injunction against harassment "may be granted to prevent a person from committing acts of harassment against another"), *and* A.R.S. § 13-3602(G) (listing relief available for an order of protection), *with* A.R.S. § 12-1809(F) (listing similar relief available for an injunction against harassment). Both are governed by the Rules for Protective Order Procedure, *see* ARPOP 4(a), (c), and apply to conduct "that would cause a reasonable person to be seriously alarmed, annoyed, or harassed and the conduct in fact seriously alarms, annoys, or harasses" a person, ARPOP 3(c)(1), (e).

**¶7**       The primary difference between the two categories of orders is that an order of protection may be issued only between parties in specific relationships, *e.g.*, spouses, cohabitants, or other familial relationships. ARPOP 4(a); A.R.S. § 13-3601(A).  There is no relationship requirement for injunctions against harassment.  ARPOP 4(c).

**¶8**       The rules treat the two categories of orders alike in specifying which may be appealed.  Pursuant to ARPOP 42(a), a party may appeal from an order denying an order of protection or an injunction against harassment or an order affirming, modifying, or quashing an order of protection or an injunction against harassment.  The rule explicitly provides that both orders of protection and injunctions against harassment "are appealable and are not subject to Rule 54(c), Rules of Civil Procedure, or Rule 78(c), Rules of Family Law Procedure."  ARPOP 42(a).[1]  That rule, however, does not specify a basis for this court's appellate jurisdiction.

**¶9**       In *Mahar v. Acuna*, 230 Ariz. 530 (App. 2012), the appellant appealed from an order of protection that prohibited him from possessing firearms.  *Mahar,* 230 Ariz. at 533, ¶ 11.  The court concluded the order was appealable under A.R.S. § 12-2101(A)(1) and -(5)(b) as an order '[g]ranting . . . an injunction.'"  *Id.; see also Savord v. Morton*, 235 Ariz. 256, 258-59, ¶¶ 5, 7-8 (App. 2014) (finding a final order of protection containing a firearm prohibition appealable under A.R.S. § 12-2101(A)(1) and -(5)(b)).

**¶10**       The appealability of an injunction under A.R.S. § 12-2101(A)(5)(b), however, is not conditioned on whether the injunction includes a firearms prohibition.  The statute confers jurisdiction on any order granting or dissolving, or refusing to grant or dissolve, an injunction. *Id.*  An "injunction" is a "court order commanding or preventing an action." *Injunction*, Black's Law Dictionary (11th ed. 2019).  Even without a firearm restriction, an order of protection commands or prevents the person subject to the order from engaging in behaviors, going to locations, or contacting others (including animals).  A.R.S. § 13-3602(G).  An order of protection may also require a person to complete a treatment program.  A.R.S. § 13-3602(G)(5).

**¶11**       Accordingly, we conclude that an order of protection is an injunction appealable under A.R.S. § 12-2101(A)(5)(b), without regard to whether it involves a firearms prohibition.  Moreover, because such an order is appealable under § 12-2101(A)(5)(b), it need not include a

---

[1]       The rule was amended, effective January 1, 2020, to include the specific exceptions to ARCP 54(c) and ARFLP 78(c).

certification of finality pursuant to ARCP 54(b) or (c) or ARFLP 78(b) or (c). ARPOP 42(a); *see also Brumett*, 240 Ariz. at 430, ¶ 19 (noting "compliance with Rule 54(b) or 54(c) is not required for the rulings specified in A.R.S. § 12-2101(A)(3), (4), (5)(a)-(d), (10) and (11) to be appealable").

**¶12**        We acknowledge that our decision is inconsistent with *McCarthy v. McCarthy*, 247 Ariz. 414 (App. 2019). In that case, this court dismissed an appeal from an order of protection for lack of jurisdiction because it failed to include a certification of finality under ARFLP 78(b). *Id.* at 416, ¶ 8. But *McCarthy* predated the aforementioned January 1, 2020, amendment to ARPOP 42. That amendment implicitly overrules *McCarthy*. *See Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 11, ¶ 36 (App. 2018) (noting that prior decisions may be overruled by changes to applicable law).

**¶13**        We conclude the superior court's ruling dismissing the order of protection was immediately appealable under A.R.S. § 12-2101(A)(5)(b). However, our jurisdiction inquiry does not end there. In his opening brief, Moreno does not challenge the dismissal of the order of protection. Instead, he challenges only the award of attorney's fees to Beltran.

**¶14**        Moreno argues that because he filed a notice of appeal before Beltran filed her application for attorney's fees, the superior court lacked jurisdiction to rule on attorney's fees while the appeal was pending. *See generally O'Hair v. O'Hair,* 109 Ariz. 236, 241-42 (1973) ("Ordinarily, an inferior tribunal loses all jurisdiction in each and every matter connected with a case after an appeal has been perfected, except those matters in furtherance of the appeal."). But "there are 'many equally well established exceptions'" to that rule. *In re Marriage of Johnson and Gravino,* 231 Ariz. 228, 231, ¶ 7 (App. 2012). Although the superior court typically loses jurisdiction after a notice of appeal has been filed, it "retains jurisdiction to act so long as that act cannot negate the decision in a pending appeal or frustrate the appeal process." *State v. O'Connor,* 171 Ariz. 19, 22 (App. 1992).

**¶15**        Contrary to Moreno's argument, the superior court retained jurisdiction to rule on attorney's fees after it entered the order of protection. A ruling on fees would neither negate the substance of the order of protection nor frustrate any appeals process resulting from the order. Although the order of protection implied the court would grant some fees to Beltran, it did not specify how much the court would award.

**¶16**        Nevertheless, we lack jurisdiction to review the attorney's fees award. Moreno's notice of appeal from the order of protection did not encompass the court's final ruling on fees, entered nearly two months after

the order of protection. *See, e.g., AU Enterprises, Inc. v. Edwards,* 248 Ariz. 109, 116, ¶ 10 (App. 2020) (finding later entry of order awarding attorney's fees does not cure a premature notice of appeal from an order that did not include the amount of fees); *Ghadimi v. Soraya,* 230 Ariz. 621, 622-24, ¶¶ 10-14 (App. 2012) (determining the amount of attorney's fees to award is discretionary, not ministerial). Because Moreno filed his notice of appeal before the superior court entered its fees award, this court cannot review the award in this appeal. Instead, the court's final decision awarding fees may be reviewed on appeal only upon entry of an order containing a certificate of finality pursuant to ARCP 54(b) or (c) or ARFLP 78(b) or (c), followed by a timely notice of appeal.

## CONCLUSION

**¶17** The order of protection was appealable pursuant to A.R.S. § 12-2101(A)(5)(b). However, the only challenge Moreno raises on appeal is to a later order awarding Beltran attorney's fees. Moreno's premature notice of appeal does not permit this court to address that later order's merits. For that reason, we dismiss the appeal. We deny both parties' requests for attorney's fees but award Beltran her costs on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED: AA

6