NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MICHAEL A. SERVIN, JR., *Petitioner/Appellant*,

*v.*

CHRISTINA E. SERVIN, *Respondent/Appellee*.

No. 1 CA-CV 21-0217 FC
FILED 4-12-2022

Appeal from the Superior Court in Maricopa County
No. FC2017-002176
The Honorable Suzanne M. Nicholls, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Strong Law, Phoenix
By Marc R. Grant, Jr.
*Counsel for Petitioner/Appellant*

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Erica Leavitt
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

_____

**B R O W N**, Judge:

¶1        Michael A. Servin, Jr., ("Father") challenges the superior court's post-decree order addressing a petition to modify legal decision-making and parenting time filed by Christina E. Servin ("Mother").  He argues the court erred by restricting his ability to petition to modify and by awarding Mother excessive attorneys' fees.  We strike the restriction but affirm the rest of the order.

**BACKGROUND**

¶2        Father and Mother divorced in January 2018; they have two minor children in common.  Initially, the parents shared joint legal decision-making and Father, a member of the United States Army, had long-distance parenting time.  In 2020, Mother petitioned to modify legal decision-making and parenting time, based in part on Father's acts of domestic violence against his new wife, Mother's order of protection against Father due to his harassing communications, and new information regarding Father's mental health.  As relevant here, Mother requested sole legal decision-making and supervised parenting time for Father.  Mother also requested an order that required Father to engage in services for his mental health.

¶3        After an evidentiary hearing, the superior court determined that the evidence presented a substantial change in circumstances requiring modification of their parenting plan.  The court found that Father did commit domestic violence, that he suffers from mental health issues that have not been addressed against medical advice, and that he knowingly and intentionally presented false and/or misleading information to Mother and the court to gain a favorable outcome.  The court made written findings on all of the relevant statutory best interest and domestic violence factors.

¶4        The court also noted its concerns over Father's increasingly serious acts of domestic violence, finding that he "engaged in 'significant domestic violence' such that the prohibition on awarding joint legal decision-making authority does apply."  The court determined that Father

2

failed to rebut the statutory presumptions that sole or joint legal decision-making to the parent that committed the act of domestic violence is contrary to the children's best interests and would endanger the children or significantly impair their emotional development. *See* A.R.S. §§ 25-403.03(D) (legal decision-making), -403.03(F) (parenting time).

**¶5**      The court awarded Mother sole legal decision-making and designated her as the primary residential parent.  Father was awarded seven (12-hour) supervised parenting days in Arizona each month.  In section (A)(2)(i) of the order, the court imposed six conditions on Father before he could file a petition to modify parenting time.

**¶6**      Addressing attorneys' fees, the court found that under A.R.S. § 25-324(A), Father did not act reasonably in the litigation and a substantial disparity exists between the financial resources of the parties, with Father earning significantly more than Mother.  The court further found that under § 25-324(B), two of Father's filings were not grounded in fact or based on law, and were filed for an improper purpose.  The court therefore awarded Mother attorneys' fees under § 25-324(A) and (B).  Father unsuccessfully moved to alter or amend the judgment and then timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(2); *see also Yee v. Yee*, 251 Ariz. 71, 73, ¶ 1 (App. 2021).

## DISCUSSION

### A.      Restrictions on Future Petitions

**¶7**      Father argues the superior court exceeded its statutory authority by restricting his ability to file a petition to modify legal decision-making and parenting time.  We review legal decision-making and parenting time orders for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).  We review issues of law, including statutory interpretation, de novo. *Id*.

**¶8**      The superior court conditioned Father's ability to file a petition to modify.  Specifically, the court ordered:

> *In order to petition* and permit the Court to consider an increase in Father's court-ordered parenting time and/or to modify the requirement for supervised parenting time, *Father shall*: (1) participate in and complete [] domestic violence counseling; (2) participate in and complete anger management counseling/program; (3) participate in and comply with appropriate mental health services to address his identified

3

behavioral health diagnosis, including, but not limited to, medication management as may be deemed appropriate by qualified mental health professionals; (4) demonstrate that he has not participated in or been involved in any further incidents of domestic violence (whether physical, verbal, mental or emotional) *for an extended period of time of no less than six (6) months*; (5) demonstrate that he has achieved and maintained stable mental health and full compliance with his mental health and medical providers for *an extended period of time of no less than six (6) months*; and (6) consistently exercised his supervised parenting time with the Children for at least six (6) months.

(Emphasis added.)   Father argues these conditions modify the statutory right to file a petition whenever "there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-411(A).  We agree.

**¶9**        A petitioner seeking to modify a legal decision-making or parenting time order must provide "adequate cause for [a] hearing" and "present detailed facts which are relevant to the statutory grounds for modification."  A.R.S. § 25-411(L); *Pridgeon v. Superior Court*, 134 Ariz. 177, 181 (1982). Adequate cause is determined by "whether there has been a material change in circumstances affecting the welfare of the child." *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994).  If adequate cause is determined, the court "shall set a date for hearing."  § 25-411(L).

**¶10**        "[A]ccess to courts is a fundamental right."   *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 17 (App. 2012).  Section 25-411 provides the time frames and a cause requirement.  A.R.S. § 25-411(A); *see also In re Marriage of Dorman*, 198 Ariz. 298, 302, ¶ 9 (App. 2000).  Although the superior court may have had just cause to be concerned for the children, it cannot create time frames and conditions that conflict with the statutory ability of a party to file a petition.  *See* A.R.S. § 25-411; *Vera v. Rogers*, 246 Ariz. 30, 35, ¶ 20 (App. 2018).

**¶11**        Accordingly, the restrictive language in paragraph eight listed above is vacated.  *See Acuna v. Kroak,* 212 Ariz. 104, 115, ¶ 42 n.15 (App. 2006) (noting the court of appeals is authorized under A.R.S. § 12-2103(A) to modify a judgment).

**¶12**        Finally, we note that after this appeal was filed, the superior court issued a nunc pro tunc order changing the disputed language to

address the issues discussed here.  We do not address the change because the superior court lacked jurisdiction to make such a modification of the order being challenged in the appeal.  *See Moreno v. Beltran*, 250 Ariz. 379, 382, ¶ 14 (App. 2020).

### B.    Attorneys' Fees

**¶13**        Father argues the superior court erred by awarding Mother $50,000 in attorneys' fees.  We review an award of attorneys' fees for an abuse of discretion.  *Medlin v. Medlin*, 194 Ariz. 306, 309, ¶ 17 (App. 1999).  We will not disturb a fee award if there is any reasonable basis supporting it.  *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004).

**¶14**        The superior court explained that its decision to award attorneys' fees to Mother was supported by both § 25-324(A) (consideration of financial resources and reasonable of positions) and § 25-324(B) (filing not made in good faith, not grounded in fact or law, or done for an improper purpose).  After considering these statutory provisions, the court granted Mother's request for attorneys' fees.  The court explained that Father failed to comply with discovery orders, lied to the court, failed to provide support for numerous claims raised, and failed to pay for his portion of childcare, requiring Mother to seek court intervention.  The court also found that two of Father's filings were filed to harass Mother, drive up her litigation costs, and continue his efforts to control Mother's actions pertaining to the children.

**¶15**        Father does not challenge the court's decision to award attorneys' fees to Mother or the related findings.  Instead, he contends the fees Mother requested were "so grossly unreasonable and overreaching" that "no fees should be awarded."  Father's contention overlooks the fact that Mother requested $92,662 in attorneys' fees, but the court awarded her $50,000.  Given the court's uncontested findings that Father increased the cost of the litigation, and the court's decision to award Mother significantly less than the amount she requested, Father has shown no abuse of discretion.

## CONCLUSION

**¶16**     We strike the portion of the order restricting Father's ability to petition for modification of legal decision-making and parenting time. The remaining portions of the order are affirmed.  Both parties request attorneys' fees on appeal pursuant to § 25-324.  In our discretion, we deny both requests.  As the more successful party, Father is awarded taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA