NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Guardianship of and Conservatorship for:

MARY JANE BAUMGARTEN, *An Adult.*

DANIEL J. ESPARZA, *Petitioner/Appellant,*

*v.*

KATIE L. WARNER, et al., *Respondents/Appellees.*

No. 1 CA-CV 24-0678 PB

FILED 04-24-2025

Appeal from the Superior Court in Maricopa County
No. PB2023-070396
The Honorable Joseph M. Rhoades, Commissioner

**AFFIRMED**

COUNSEL

Daniel J. Esparza, Goodyear
*Petitioner/Appellant Pro Se*

McDonald Warner, Phoenix
By Katie Warner, Kelly McDonald
*Counsel for Respondent/Appellee*

Asimou & Associates, PLC, Phoenix
By Thomas Asimou, Meagan Pollnow
*Counsel for Respondent/Appellee Camelback*

Stacey L. Johnson, PLLC, Glendale
By Stacey L. Johnson, Hillary Gagnon
*Counsel for Respondent/Appellee Wayne Patrick*

James Baumgarten, Dallas, Texas
*Respondent/Appellee Pro Se*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

---

**H O W E**, Judge:

¶1    Daniel Esparza appeals the superior court's affirmance of its prior denial of his petition for attorney's fees and costs. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2    In March 2023, acting on advice from the Arizona State Bar Ethics Hotline, Esparza, who is an attorney, petitioned for the appointment of a guardian ad litem for Mary Jane Baumgarten. The superior court held a hearing at which Baumgarten's friends and family testified. Both Esparza and Baumgarten made statements, and Baumgarten answered questions from the court about her well-being. At the conclusion of the hearing, the court denied the petition and Esparza requested permission to submit attorney's fees. The court advised him "that he may file anything he wishes to file." Months later, Esparza petitioned to recover his attorney's fees and costs under Arizona Rule of Probate Procedure 33. Baumgarten's court-appointed attorney objected to the request, arguing it was premature

2

because the court could review the issue at an upcoming evidentiary hearing.

**¶3** The court denied Esparza's petition without prejudice, agreeing that "given the procedural posture of this matter and the circumstances of Mr. Esparza's participation" the fees application was premature and "better reviewed after the [upcoming] evidentiary hearing" related to the ongoing guardianship case. The denial did not include language designating it final under Arizona Rule of Civil Procedure ("Rule") 54. At this time, Esparza was no longer the attorney of record. Although Esparza did not refile the attorney's fees petition, in a later order the court noted that "the Rule 33 Petition from Counsel Esparza remains under advisement until all the Rule 33 Petitions are ripe for decision" and ordered "that all parties seeking payment for their work on this matter will submit Rule 33 Petitions by March 15, 2024." Recognizing that issues remained outstanding, the court designated this order as final under Arizona Rule of Civil Procedure 54(b). After the deadline passed, Esparza inquired with the court regarding his petition for fees, believing it to still be pending. The court issued a minute entry affirming its previous denial of his petition because "Mr. Esparza was required to refile his petition by [March 15, 2024] for his petition to be timely considered for relief." The court also noted the absence of Rule 54(c) language in its initial denial and thus signed its reaffirmation of Esparza's denial as final and appealable under Rule 54(c).

**¶4** Esparza moved for reconsideration, arguing that because "[t]he Court stated [] that the Rule 33 Petition(s) remained under advisement" he was not required to refile his petition and "at the very least, this would justify the Court allowing an amendment or supplement to the original Rule 33 Petition, in the interest of justice." The court issued another minute entry, acknowledging that upon review it "believe[d] that the Court misspoke when making the statement 'under advisement,'" but did not rule on the motion for reconsideration, providing the other parties opportunity to respond. Before they could do so, Esparza appealed from the court's reaffirmation of its denial of his fees petition. The court thus never ruled on his motion for reconsideration because it no longer had jurisdiction to do so. *See Moreno v. Beltran*, 250 Ariz. 379, 382 ¶ 14 (App. 2020) (noting that, barring certain exceptions, "the superior court typically loses jurisdiction after a notice of appeal has been filed").

**¶5** We have jurisdiction over Esparza's timely appeal. *See* A.R.S. § 12-2101(A).

## DISCUSSION

**¶6**        Esparza appeals the superior court's affirmance of its denial of his petition for attorney's fees and costs. We review challenges to the court's decision on attorney's fees for abuse of discretion and view the record in the light most favorable to upholding the superior court's decision. *Indenture of Tr. Dated Jan. 13, 1964*, 235 Ariz. 40, 51 ¶ 41 (App. 2014). And we review the court's reconsideration of its prior orders for abuse of discretion. *Davis v. Davis*, 195 Ariz. 158, 162 ¶ 14 (App. 1999). The Arizona Rules of Civil Procedure "apply to probate proceedings unless they are inconsistent with the[] probate rules." Ariz. R. Prob. P. 4(a)(1).

**¶7**        No answering brief was filed. If an appellant's opening brief and the record reveal a debatable question and no good cause appears for the appellee's failure to file, we will assume "a confession of reversible error on the part of the appellee." *See Navarro v. State*, 32 Ariz. 119, 120–21 (1927); *see also Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). However, we decline to find a confession of error because, as explained below, the record clearly resolves the issues Esparza raises. *See Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971) (holding that an issue is not debatable when the record "clearly" resolves it); *see also Lothman v. Lothman*, 11 Ariz. App. 419, 420–21 (1970) (affirming the portion of a judgment raising no debatable issue on appeal).

**¶8**        First, Esparza argues that he "was not required to re-file his Rule 33 Petition . . . because the Court rescinded [its] dismissal of the Rule 33 Petitions prior to issuing a Judgment under ARCP Rule 54." He argues that, because the original denial of his fees petition included "[n]o Rule 54 expression of finality," it "was subject to modification by the [superior] Court." He also argues that the court's later minute entry stating that the fees petition was under advisement was such a modification and "can be taken in no other way than to say that the Court was changing its earlier, non-final ruling."

**¶9**        The court's initial denial of Esparza's fees petition without prejudice did not resolve all claims by all parties.  For this reason, the court properly declined to employ Rule 54(c) language. *See* Ariz. R. Civ. P. 54(c); *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224–25 ¶ 11 (App. 2014) (holding that "inclusion of Rule 54(c) language in a judgment that does not resolve all claims by all parties" is improper); *see also Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600 ¶ 7 (App. 2016) ("[A]n order dismissing without prejudice is not a final judgment because the plaintiff can refile the action."). And the court properly did not finalize its decision

on attorney's fees in the order certified under Rule 54(b). *See Kim v. Mansoori*, 214 Ariz. 457, 461 ¶¶ 10, 13 (App. 2007) (holding that Rule 54(b) does not authorize "a judgment on an attorney fee claim preceding a decision on the merits"). The court's orders were properly certified.

¶10 Although the superior court has "inherent authority" to modify a non-final order, *Motley v. Simmons*, 256 Ariz. 317, 322 ¶ 15 (App. 2023), the court's later "under advisement" statement was no such modification. While stating that Esparza's petition was "under advisement," the court also ordered "*all parties* seeking payment for their work" to "submit Rule 33 Petitions by March 15, 2024." (Emphasis added.) Esparza failed to do so. Further, the court stated that it believed the "under advisement" language was a mistake, not a modification. And Esparza could have inquired or moved for clarification following this order but before the deadline for filing a petition. He failed to do so, requesting clarification only after the deadline had expired.

¶11 Second, Esparza argues that "if the Rule 33 Petition . . . [was] properly dismissed for failure to timely re-file, the Superior Court may relieve [him] from the dismissal under ARCP Rule 60." Although the superior court *could* have granted Esparza relief from the filing deadline, *see generally* A.R.S. § 14-5110(a) (allowing the court to set a later deadline for a claim for compensation), it was not *required* to do so. *See* Ariz. R. Prob. P. 33(e) ("An attorney, a guardian ad litem, or a statutory representative waives compensation from the estate of a ward or protected person if a request is not timely submitted under A.R.S. § 14-5110."); Ariz. R. Civ. P. 60(b)(5) ("[T]he court *may* relieve a party or its legal representative from a final judgment . . . [if] it is based on an earlier judgment that has been reversed or vacated.") (emphasis added). Esparza argues that the superior court "certainly has the discretion here to grant relief from its order," but fails to explain why it was an abuse of discretion for the superior court not to give him relief from the deadline for filing a fees petition. And even if the superior court should have granted Esparza's motion for reconsideration, his premature notice of appeal divested the court of authority to grant that relief. *See Moreno*, 250 Ariz. at 382 ¶ 14 (noting that, barring certain exceptions, "the superior court typically loses jurisdiction after a notice of appeal has been filed."). The superior court thus did not abuse its discretion in denying Esparza's fees petition.

¶12 Finally, Esparza requests his attorney's fees on appeal. Because he cites no provision of law authorizing us to award those fees, *see* ARCAP 13, and because he represented himself on appeal, we deny his request for attorney's fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. &*

*Constr. of the Sw., LLC*, 235 Ariz. 125, 128 ¶ 11 (App. 2014) ("[A] pro se attorney who works in [his] spare time on a case representing [him]self . . . is [] not entitled to an award of attorney fees.").

## CONCLUSION

¶13        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR