NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATTHEW DANIEL DIES, *Appellant.*

No. 1 CA-CR 25-0317

FILED 02-26-2026

Appeal from the Superior Court in Coconino County
No.  CR2011-00414
The Honorable Ted Stuart Reed, Judge

**APPEAL DISMISSED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Appellee*

Debus & Kazan Ltd, Phoenix
By Gregory M. Zamora
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

C A T L E T T, Judge:

¶1 In 2021, the Arizona Legislature passed A.R.S. § 13-911, which permits persons convicted of, charged with, or arrested for certain criminal offenses to petition to seal their case records in certain circumstances. *See* 2021 Ariz. Sess. Laws, ch. 432 § 1 (1st Reg. Sess.) (S.B. 1294). The legislature also granted this court jurisdiction to review "[a]n order that denied the defendant's eligibility to petition the court to seal the defendant's case records" when the "sole basis for the appeal is the defendant's eligibility to petition the court." A.R.S. § 13-4033(A)(5); *see also* 2021 Ariz. Sess. Laws, ch. 432 § 2 (1st Reg. Sess.) (S.B. 1294).

¶2 Matthew Daniel Dies ("Dies") petitioned the superior court to seal case records related to a robbery conviction. The State objected on grounds that Dies' offense was ineligible for sealing. The court denied Dies' petition without saying why and Dies now appeals. Because the order being appealed did not deny Dies' "eligibility to petition the court to seal" his case records, we lack jurisdiction.

**FACTS AND PROCEDURAL HISTORY**

¶3 In 2011, the State indicted Dies for armed robbery, aggravated assault, and theft. Dies eventually pleaded guilty to a lesser charge of robbery. In exchange, the State dismissed the charged offenses, and the plea agreement amended the indictment. The court accepted the plea agreement and sentenced Dies for robbery, a class 4 non-dangerous felony.

¶4 In 2025, Dies petitioned to seal his criminal case records under § 13-911. The State objected on one ground: Dies' offense was a "dangerous offense" because it involved "the discharge, use or threatening exhibition of a deadly weapon" under A.R.S. § 13-105(13). Because a "dangerous offense" is ineligible to be sealed, *see* A.R.S. § 13-911(O), the State urged the court to deny Dies' petition.

¶5 The superior court did so. It denied Dies' petition as follows:

"The Court, having received and reviewed [Dies'] Petition to Seal Criminal Case Records, and the State's Response thereto,

**IT IS ORDERED denying** the Petition."

Dies timely appealed.

## JURISDICTION

**¶6** We first address jurisdiction. *Ochoa v. Bojorquez*, 245 Ariz. 535, 535–36 ¶ 2 (App. 2018). Our appellate jurisdiction is defined by statute. *Moreno v. Beltran*, 250 Ariz. 379, 381 ¶ 4 (App. 2020). If we lack appellate jurisdiction, an appeal cannot proceed and we must dismiss it. *Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 205 ¶ 8 (App. 2020).

**¶7** Whether we have jurisdiction involves statutory interpretation. When interpreting statutes, we start with the text. *See Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 15 (2024). We interpret statutory terms using their "commonly accepted meaning," unless they have a special meaning. *Id.* ¶ 16 (cleaned up). If a term or phrase's meaning is unambiguous, we apply it. *See id.* ¶ 15

**¶8** The parties agree § 13-4033(A)(5) governs our jurisdiction. That subsection grants this court jurisdiction to review "[a]n order that *denied the defendant's eligibility to petition* the court to seal the defendant's case records pursuant to § 13-911 if the sole basis for the appeal is the defendant's eligibility to petition the court." A.R.S. § 13-4033(A)(5) (emphasis added). Based on the statute's plain language, there are three prerequisites to jurisdiction: (1) the court denied the petition (2) the order denied the "defendant's eligibility to petition" and (3) the "sole basis for the appeal is the defendant's eligibility to petition[.]" A.R.S. § 13-4033(A)(5).

**¶9** There is no dispute that the superior court's order denied Dies' petition, so the first requirement is met. We turn to the second requirement.

**¶10** As noted, the superior court did not explain why it denied Dies' petition. The court has discretion to deny the petition if it concludes that sealing is not "in the best interests of the petitioner and the public's safety," A.R.S. § 13-911(D), but with no reasoning, we cannot be sure that is why the court denied Dies' petition. We do not suggest the court's order was lacking in any way—nothing in § 13-911 required the court to make findings or otherwise provide an explanation for its denial. While giving reasons for denying a sealing petition would assist us with review, we will

not "judicially impose a requirement the legislature has intentionally chosen not to require." *See Hart v. Hart*, 220 Ariz. 183, 187 ¶ 17 (App. 2009).

¶11 Still, our appellate jurisdiction is triggered only when the court's order denied a petition for a particular reason. *See* A.R.S. § 13-4033(A)(5). The court's order here did not give any reason for denying Dies' petition. With no order denying Dies' eligibility to petition (the jurisdictionally required reason), the second requirement in § 13-4033(A)(5) remains unmet, and we lack appellate jurisdiction.

¶12 This does not mean a party like Dies lacks recourse. If the superior court denies a petition and gives no reason, the petitioner may seek clarification about the reason for the denial. If the superior court then gives a reason triggering our jurisdiction, the petitioner may appeal. If the superior court refuses to give clarification or gives a reason outside our jurisdiction, the petitioner may seek review through a special action petition. *See Ayala v. Minder*, 2024 WL 2831566, at * 1 ¶ 9 (Ariz. App. June 4, 2024) (mem. decision) (accepting special action jurisdiction when appellate jurisdiction was lacking under § 13-4033(A)(5)).

¶13 Dies alternatively asks us to stay this appeal and revest jurisdiction in the superior court with instructions for it to provide reasons for denying his petition. But doing so would presuppose that we have jurisdiction—something we are not permitted to do. *See In re Marriage of Kassa*, 231 Ariz. 592, 593 ¶ 3 (App. 2013) ("Our jurisdiction is prescribed by statute, and we have no authority to entertain an appeal over which we do not have jurisdiction."). Instructing the superior court to provide reasons would also imply that it was required to give a reason in the first place; as explained, no such requirement exists. *Supra* ¶ 10. The proper course is for a petitioner like Dies to ask the superior court to give some reasoning, and if it refuses, for him to challenge the court's denial order through a special action petition.

## CONCLUSION

¶14 We dismiss Dies' appeal for lack of jurisdiction.

